**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 6, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

No. 07-3293

GARY JACK HOLLIS, JR.,

Defendant-Appellant.

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(D.C. Nos. 01-CV-3103-JAR**
**& 98-CR-40024-JAR)**

---

Submitted on the briefs:[*]

Melanie S. Morgan, Morgan Pilate LLC, Olathe, Kansas, for
Defendant-Appellant.

Eric F. Melgren, United States Attorney, James A. Brown, Assistant United States
Attorney, Topeka, Kansas, for Plaintiff-Appellee.

---

Before **O'BRIEN**, **McCONNELL** and **TYMKOVICH**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.

**TYMKOVICH**, Circuit Judge.

We granted a certificate of appealability (COA) to determine whether the district court erred in dismissing Gary Jack Hollis's claim that his criminal sentence should be vacated pursuant to 28 U.S.C. § 2255. He claims that his appellate attorney provided constitutionally ineffective assistance of counsel by failing to contest his sentence under the holding of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Having considered this issue in light of the entire record, we affirm.[1]

I.

In 1998, a federal jury found Mr. Hollis guilty of one count of conspiring to manufacture methamphetamine, in violation of 21 U.S.C. § 846, and two counts of manufacturing methamphetamine, in violation of 21 U.S.C. § 841(a). After making factual findings on drug quantity, the district court imposed a sentence of 262 months of imprisonment for each of the three counts, with the terms running

---

[1]    Mr. Hollis also argues that the district court improperly found that his trial counsel did not override his desire to testify at trial. Because the record shows that the district court held an evidentiary hearing and made a supported determination, we conclude that Mr. Hollis has not "made a substantial showing of the denial of a constitutional right" on this issue. We therefore deny COA as to this claim. *See* 28 U.S.C. § 2253(c)(2).

concurrently. Mr. Hollis appealed his conviction and this court affirmed. *United States v Hollis*, No. 99-3233, 2000 WL 235250, at \*\*1-2 (10th Cir. Mar. 2, 2000).

Mr. Hollis filed a petition for certiorari in the United States Supreme Court. While the petition was pending, the Court issued its *Apprendi* opinion, holding in the context of a state sentencing scheme "that any fact increasing the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." *United States v. Hill*, 539 F.3d 1213, 1215 (10th Cir. 2008) (citing *Apprendi*, 530 U.S. at 490). Mr. Hollis wrote a letter to his appellate counsel suggesting that the certiorari petition should be supplemented with an *Apprendi* issue. Counsel advised him that he could pursue a later § 2255 motion on the issue and did not amend the petition. The Supreme Court denied certiorari review on October 2, 2002, *Hollis v. United States*, 531 U.S. 854 (2000), making his conviction final.

Mr. Hollis then filed his § 2255 motion to vacate, set aside, or correct his sentence.[2] The district court determined that Mr. Hollis was procedurally barred from raising an *Apprendi* claim and therefore denied § 2255 relief. This appeal followed.

---

[2] Mr. Hollis filed his § 2255 motion in 2001 and the district court initially denied relief in 2002. This court remanded the matter in 2004 to the district court for determinations on issues relating to ineffective assistance of counsel. The present appeal concerns the district court's adverse ruling on remand.

II.

Mr. Hollis's three concurrent 262-month sentences were based on the district court's determination of the quantity of drugs involved in his offenses. "Guided by the rationale of *Apprendi*, we have held that the quantity of drugs [in] an offense under 21 U.S.C. § 841 is an essential element that must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt if that fact exposes the defendant to a heightened maximum sentence." *United States v. Lott*, 310 F.3d 1231, 1238-39 (10th Cir. 2002) (internal quotations and footnote omitted). Absent applicability of enhancements based on drug quantities, the statutory maximum sentence for each of Mr. Hollis's offenses was 240 months. *See* 21 U.S.C. § 841(b)(1)(C). Thus, Mr. Hollis's sentences ran afoul of the concepts expressed in *Apprendi*.

And because the Supreme Court decided *Apprendi* before Mr. Hollis's criminal judgment became final with denial of his petition for certiorari, the *Apprendi* holding would have applied to his case. *See Lott*, 310 F.3d at 1238.[3] Mr. Hollis's attorney, however, did not make an *Apprendi* argument, either in this court or before the Supreme Court.

---

[3]    Mr. Hollis's judgment became final before the Supreme Court decided two additional cases that effected significant changes in sentencing procedures. *Blakely v. Washington*, 542 U.S. 296, 301 (2004) (applying *Apprendi* to overturn Washington State's sentencing scheme) and *United States v. Booker*, 543 U.S. 220, 226-27 (2005) (relying upon *Apprendi* and *Blakely* to overturn the mandatory application of the United States Sentencing Guidelines).

The failure to present this issue on direct appeal, however, bars Mr. Hollis from raising it in a § 2255 motion "unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *United States v. Bolden*, 472 F.3d 750, 751-52 (10th Cir. 2006) (quotations omitted), *cert. denied*, 127 S. Ct. 2081 (2007). As cause excusing his default, Mr. Hollis argues his appellate counsel was ineffective for failing to assert the *Apprendi* claim.

We consider Mr. Hollis's appeal through the prism of his ineffective-assistance-of-counsel argument. The issue involves a mixed question of law and fact that we review de novo. *See United States v. Orange,* 447 F.3d 792, 796 (10th Cir. 2006). To establish constitutionally ineffective assistance, Mr. Hollis must show both that (1) counsel's performance was deficient; and (2) the deficient performance prejudiced him. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance will be deemed deficient if it fell below an objective standard of reasonableness. *See id*. at 688. A demonstration of prejudice requires a showing of a reasonable probability that, but for counsel's deficient performance, defendant would have received a different sentence. *See id*. at 694. We need not analyze both the performance and prejudice prongs of the *Strickland* test if defendant "fails to make a sufficient showing of one." *Boltz v. Mullin*, 415 F.3d 1215, 1222 (10th Cir. 2005) (quotation omitted).

The performance of Mr. Hollis's appellate counsel arguably was deficient, at least to the extent he advised against supplementing the petition for certiorari to challenge the sentence on *Apprendi* grounds. *See* Sup. Ct. R. 15.8 (stating "[a]ny party may file a supplemental brief at any time while a petition for a writ of certiorari is pending, calling attention to new cases, new legislation, or other intervening matter not available at the time of the party's last filing"). We therefore focus on the question of whether Mr. Hollis was prejudiced by appellate counsel's failure to make an *Apprendi* argument.

III.

No *Apprendi*-based issue was raised in the sentencing court. If appellate counsel successfully made the argument to this court or the Supreme Court, the absence of a "challenge to the district court's findings prior to or at the time of sentencing," meant that Mr. Hollis's case would have been reviewed on appeal under the rigorous plain-error standard. *See United States v. Apperson*, 441 F.3d 1162, 1212 (10th Cir. 2006). Establishing plain error requires a showing of (1) error, (2) "that the error was plain, and (3) that the plain error affected his substantial rights." *Id.* (quotation omitted). "If all these conditions are met, a court reviewing the error may exercise discretion to correct it if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotation omitted).

Under *Apprendi*, the imposition of a sentence dependent upon court-determined drug quantities amounted to plain error. *United States v. Jones*, 235 F.3d 1231, 1236-37 (10th Cir. 2000). This *Apprendi* error, however, did not affect Mr. Hollis's substantial rights.

The legal landscape of criminal-sentencing procedures shifted during Mr. Hollis's long trek through the federal courts. As relevant to this case, the changes are particularly evident in the application of U.S.S.G. § 5G1.2 (Sentencing on Multiple Counts of Conviction). Section 5G1.2 states that multiple sentences are to be run consecutively to the extent necessary to reach a combined sentence equal to the total guideline sentence. At the time of Mr. Hollis's sentencing, there was no Tenth Circuit authority on whether the provision was mandatory or discretionary. *See United States v. Price*, 265 F.3d 1097, 1109 (10th Cir. 2001). In *Price*, this court resolved the issue and determined that application of § 5G1.2(d) was mandatory. *Id.* Later, the Supreme Court held that the mandatory application of any sentencing guideline to judge-found facts (other than a prior conviction) violates the Sixth Amendment, thereby making the guidelines advisory. *United States v. Booker*, 543 U.S. 220 (2005). The holding of *Booker*, however, is not retroactive and is not applicable to Mr. Hollis's § 2255 proceeding. *See United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005).

In denying Mr. Hollis's § 2255 motion, the district court applied the pre-*Booker*, but post-*Price*, rule that the stacking provision of § 5G1.2(d) was mandatory. Determining that the sentencing court would have been required to impose consecutive sentences to the extent necessary to achieve the total guideline punishment, it concluded that Mr. Hollis's substantial rights were not affected by the *Apprendi* error. The district court's decision is consistent with this court's pre-*Booker* cases. "[O]n resentencing a district court must look to the version of the sentencing guidelines in effect at the time of [the] first sentencing." *United States v. Andrews,* 447 F.3d 806, 812 (10th Cir. 2006) (citing 18 U.S.C. § 3742(g)(1)). Although the sentencing court imposed Mr. Hollis's sentence without mentioning § 5G1.2(d), at a time when the law was unsettled as to the mandatory or advisory nature of the provision, subsequent cases resolved the question and addressed this situation. *See Price*, 265 F.3d at 1108-09 (holding stacking provision of § 5G1.2 mandatory and declining to notice *Apprendi* error where, on remand, the total punishment would have remained the same); *see also Lott*, 310 F.3d at 1242-43 (applying *Price* holding and reasoning to conclude that *Apprendi* error did not affect defendant's substantial rights). We further note that, in multiple-count cases to which *Booker* applies, § 5G1.2(d) "is no longer mandatory, but a sentence consistent with it carries a badge of reasonableness we are bound to consider." *United States v. Eversole*, 487 F.3d 1024, 1033 (6th Cir.), *cert. denied*, 128 S. Ct. 649 (2007).

Our affirmance, however, does not rely solely on the district court's rationale. *See United States v. Sandoval*, 29 F.3d 537, 542 n.6 (10th Cir. 1994) ("We are free to affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law.") (quotation omitted). A review of the record indicates that there could be no reasonable doubt as to the quantity of drugs involved in Mr. Hollis's offenses. Indeed, at sentencing, Mr. Hollis withdrew his challenge to the judge-determined quantities and he did not object to the district court's proposed sentence. On appeal, he did not raise any issues related to drug quantities. *Hollis*, 2000 WL 235250, at *1. Without an indication of factual error, there is no inference that a jury determination of drug quantity would result in a changed sentence.

Finally, "a plain error," even one "affecting substantial rights does not, without more," demonstrate a serious effect on "the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 736-37 (1993). Otherwise the discretionary component of plain-error review "would be illusory." *Id.* at 737. Under the circumstances of Mr. Hollis's case, we cannot say that the *Apprendi* error had any bearing on the integrity or fairness of judicial proceedings.

In sum, we determine that Mr. Hollis has failed to demonstrate that his appellate attorney's deficiency resulted in the prejudice necessary to excuse the procedural default of his *Apprendi* claim. We therefore AFFIRM the district court's denial of Mr. Hollis's § 2255 motion.