**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

RON ALONZO BANKS,

      Defendant-Appellant.

No. 09-8059
(D.C. Nos. 2:07-CV-00139-CAB and
2:04-CR-00108-CAB-1)
(D. Wyo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **SEYMOUR**, and **EBEL**, Circuit Judges.

      Defendant Ron Alonzo Banks seeks a certificate of appealability (COA) from this court to challenge the district court's denial of his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Because Mr. Banks has failed to meet the standards required before this court can issue a COA, we DENY his request and DISMISS the appeal.

---

      [*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    BACKGROUND

After initially pleading guilty to drug-trafficking and weapons-possession charges, Mr. Banks withdrew his plea and proceeded to trial.  In 2005, a jury convicted Mr. Banks of five counts of cocaine-related offenses and one count of carrying a firearm during and in relation to a drug-trafficking offense.  The district court sentenced him to 151 months for the drug charges and 60 months for the firearm charge, to run consecutively.  The following year, this court affirmed his conviction on direct appeal.  United States v. Banks, 451 F.3d 721 (10th Cir. 2006).  On September 18, 2008, following the decision by the United States Supreme Court in Kimbrough v. United States, 552 U.S. 85 (2007), the district court resentenced Mr. Banks, reducing his sentence on the drug counts from 151 months to 120 months, to run consecutively to the unaltered 60-month sentence for the firearm count.

Mr. Banks filed the instant § 2255 motion in the district court on June 25, 2007. In his motion, Mr. Banks identified three grounds for relief: that he received ineffective assistance of counsel during plea negotiation, trial, sentencing, and direct appeal; that there was insufficient evidence to support his conviction for carrying a firearm during a drug crime; and that the district court improperly sentenced him by applying the Sentencing Guidelines in a mandatory fashion in violation of United States v. Booker, 543 U.S. 220 (2005), and that his counsel was ineffective for failing to object to this error.

The district court concluded that no evidentiary hearing was necessary, and held that Mr. Banks failed to show that his counsel performed deficiently—let alone "that counsel's errors were so serious so as to deprive the defendant of a fair trial," see Strickland v. Washington, 466 U.S. 668, 687 (1984)—and so declined to order relief on his ineffective-assistance claims. The district court also concluded that his claim of insufficient evidence had already been addressed on direct appeal, see, e.g., United States v. Cook, 997 F.2d 1312, 1318 n.6 (10th Cir. 1993) (holding that issue addressed on direct appeal "is not cognizable under § 2255"), and his claim of a Booker violation was procedurally defaulted by his failure to raise it on direct appeal, see, e.g., United States v. Hollis, 552 F.3d 1191, 1193 (10th Cir.) (holding that defendant's failure to present issue on direct appeal precludes him from challenging the issue in a § 2255 motion unless the defendant can establish cause and prejudice excusing his failure to raise it on direct appeal), cert. denied, 129 S. Ct. 2419 (2009). The district court also denied Mr. Banks a COA, and denied his motion to proceed in forma pauperis on appeal.

II.     DISCUSSION

Mr. Banks now seeks a COA from this court only on his claims of ineffective assistance of counsel. See 28 U.S.C. § 2253(c)(1)(B) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255."). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). To make a "substantial showing" that a constitutional right was

3

denied, Mr. Banks must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Mr. Banks makes a number of arguments for the first time on appeal. While his arguments are often unclear, we note that he is proceeding on this appeal pro se and construe his filings liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Among the arguments Mr. Banks raises for the first time in this court are claims that his counsel provided ineffective assistance by failing to challenge the district court's jurisdiction over him as a member of the United States Air Force; by failing to protect his constitutional rights as a service member during his proffer with the Assistant United States Attorney; by failing to move to suppress statements he made at his bond hearing because he believed that a superior officer had ordered him to cooperate with law enforcement; by failing to argue on appeal that a government witness offered perjured testimony; and by failing to object when the government "used" Mr. Banks' withdrawn guilty plea at his trial.[1] Even in light of our obligation to construe Mr. Banks' filings

---

[1] It is unclear from Mr. Banks' brief whether the government introduced evidence of the withdrawn guilty plea at trial, and the record does not contain a transcript of the trial. At any rate, Mr. Banks did not argue, either on direct appeal or in his § 2255 motion filed in the district court, that the government improperly introduced evidence at his trial of his withdrawn guilty plea.

4

liberally, we cannot identify any extraordinary circumstances that exist that would permit us to consider these arguments for the first time on appeal. See Turner v. Pub. Serv. Co. of Colo., 563 F.3d 1136, 1143 (10th Cir. 2009) ("Absent extraordinary circumstances, we will not consider arguments raised for the first time on appeal."). Accordingly, "we find no reason to deviate from the general rule that we do not address arguments presented for the first time on appeal," United States v. Mora, 293 F.3d 1213, 1216 (10th Cir. 2002), and decline to issue a COA on any of these issues.

On appeal, Mr. Banks also argues that his counsel provided ineffective assistance by failing to object to his indictment as overbroad as to the firearm count. In district court, he raised this as a separate claim from his ineffective-assistance claims, but on appeal he now contends that this was part of his ineffective-assistance claims. Mr. Banks urges that a liberal construction of his filings requires us to recognize this claim as an ineffective-assistance claim because his "entire 2255 motion was based on ineffective assistance at every stage of the proceedings." (Apt.'s Br. at 15.) However, a review of his filing in district court reveals that Mr. Banks did not bring this as an ineffective-assistance claim at all; while all of the ineffective-assistance claims were listed in his first ground for relief, ground two argued that "Ron Banks is innocent of the gun charge for which his sentence was severely lengthened" and did not so much as mention ineffective assistance. (§ 2255 Mot. at 23.) Even liberally construing the references to the indictment contained in his § 2255 motion as challenging the indictment as overbroad, nothing in his motion raised this particular ineffective-assistance claim. It is only now,

after the district court concluded that he could not bring this claim in his § 2255 motion because it had already been decided on direct appeal, that Mr. Banks seeks to frame that ground as an ineffective-assistance claim. Mr. Banks is thus barred from making this argument for the first time on appeal. Mora, 293 F.3d at 1216.

Mr. Banks does raise several ineffective assistance claims in his petition for a COA that he also raised below. Specifically, Mr. Banks claims that he was provided ineffective assistance by counsel's alleged failure to call witnesses on Mr. Banks' behalf; by failing to make the proper arguments on direct appeal; by failing to subpoena essential documents; and by failing to present a complete record of all relevant evidence on appeal. The district court concluded that these arguments were conclusory and unsupported by factual allegations, and we agree. Mr. Banks has not even made clear precisely what missteps his attorneys made, nor has he shown "that counsel's errors were so serious so as to deprive the defendant of a fair trial." Strickland, 466 U.S. at 687. For example, Mr. Banks claims that if his attorney had acquired his military training file, then "the jury would have [had] to analyze[] the events testified to from Banks' perspective" (Apt.'s Br. at 9), but he never clearly explained what the file contained and how his attorney's failure to obtain the file deprived him of a fair trial. Such arguments are insufficient even for a pro se litigant. See United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir. 1994) ("Although we must liberally construe Defendant's pro se petition . . . we are not required to fashion Defendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments." (internal citation omitted)).

6

Finally, Mr. Banks asserts at several points that the district court should have ordered an evidentiary hearing. "In response to a § 2255 motion, the district court must hold an evidentiary hearing on the prisoner's claims unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." United States v. Lopez, 100 F.3d 113, 119 (10th Cir. 1996) (quotations omitted). For the reasons given above, Mr. Banks' motion and supporting materials conclusively establish that Mr. Banks is not entitled to any relief. Accordingly, the district court did not abuse its discretion in denying an evidentiary hearing. See id. at 121 (applying abuse of discretion standard to district court's denial of evidentiary hearing).

## III. CONCLUSION

In sum, we conclude that reasonable jurists could not debate the propriety of the district court's dismissal of Mr. Banks' § 2255 petition. We therefore DENY Mr. Banks' application for a certificate of appealability and DISMISS the appeal. We also GRANT Mr. Banks' motion to proceed in forma pauperis. Finally, because the supplemental material offered by Mr. Banks in his motion to supplement the record would not alter our decision, his motion to supplement the record is DENIED.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

7