**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 29, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MICHAEL DEWAYNE MAYTUBBY,

    Defendant-Appellant.

No. 11-6291
(D.C. Nos. 5:06-CR-00136-M-1 and
5:09-CV-01128-M)
(W.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

Michael Maytubby was convicted of several drug-related offenses. In due course, he filed a motion in the district court seeking relief from these convictions under 28 U.S.C. § 2255. The district court, however, denied the petition as well as Mr. Maytubby's request for a certificate of appealability ("COA"). So it is that Mr. Maytubby now seeks a COA from this court.

We may grant a COA only if Mr. Maytubby makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

standard, Mr. Maytubby must demonstrate that "reasonable jurists could debate whether (or, for that matter agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation omitted).

This he has not done. Mr. Maytubby argues that he is entitled to a COA on three grounds. Two of these involve Mr. Maytubby's claim that the district court erred in allowing evidence of uncharged crimes and other allegedly prejudicial evidence to be admitted at his trial. The problem is, Mr. Maytubby did not raise this claim on direct appeal, and so it is procedurally barred. *See, e.g.*, *United States v. Hollis*, 552 F.3d 1191, 1193-94 (10th Cir. 2009).

Of course, Mr. Maytubby's failure to present this claim on appeal may be excused if he can show cause for the procedural default and actual prejudice. *Id.* And here we come to Mr. Maytubby's third argument for a COA — that his appellate counsel was constitutionally ineffective in failing to challenge the admission of this evidence on appeal. *See, e.g.*, *United States v. Harms*, 371 F.3d 1208, 1211 (10th Cir. 2004) (explaining that ineffective assistance of counsel is not only an independent ground for relief but also constitutes sufficient cause for excusing a procedural default). To prevail on this claim, Mr. Maytubby is required to show two things: (1) that his appellate counsel's representation "fell below an objective standard of reasonableness" and (2) "that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the [appeal] would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

After reviewing the record, we conclude that all of the challenged evidence was properly admitted at trial, and so Mr. Maytubby has failed to meet his burden under at least the second prong of the *Strickland* test. The allegedly inadmissable evidence was certainly relevant to the charges against Mr. Maytubby. Evidence of his affiliation with the Playboy Gangster Crips was properly offered to show the existence of a conspiracy and to explain the relationship between the co-conspirators. *See United States v. Brown*, 200 F.3d 700, 708 (10th Cir. 1999). Likewise the testimony that Mr. Maytubby was holding a gun during a shootout formed the basis for one of the charges against Mr. Maytubby — that he used or carried a gun in furtherance of a drug trafficking conspiracy — while the testimony that Mr. Maytubby threatened individuals who might expose his drug trafficking activity helped demonstrate that Mr. Maytubby was aware of and involved in the conspiracy. Accordingly, we reject Mr. Maytubby's claim that this evidence was prohibited under Fed. R. Evid. 404(b). *See United States v. Smith*, 534 F.3d 1211, 1218 (10th Cir. 2008) ("Conduct which occurs during the life of a conspiracy and is a part of the same is direct evidence of the conspiracy and therefore not subject to Rule 404(b)." (quotation omitted)). And Mr. Maytubby's claim that the district court erred in allowing evidence of an

unrelated murder is misleading at best. The truth is the prosecutor introduced a hooded sweatshirt bearing the picture of a former member of the Playboy Gangster Crips who had presumably been killed by a rival gang. This was relevant to show Mr. Maytubby's gang affiliation and ultimately his ties to the drug trafficking conspiracy.

At most, then, Mr. Maytubby's appellate counsel could have argued that the district court should have excluded the challenged evidence under Fed. R. Evid. 403 because its relevance was substantially outweighed by the danger of unfair prejudice. But here he would have faced an insurmountable hurdle. In order to successfully challenge a district court's ruling under Rule 403, a party is required to show that the district court abused its discretion in allowing the allegedly prejudicial evidence to be admitted, *see United States v. Burgess*, 576 F.3d 1078, 1098 (10th Cir. 2009), and we can't say that occurred here.

Because we conclude that no reasonable jurist would debate the district court's disposition of Mr. Maytubby's claims, we deny his application for a COA and dismiss this appeal. We grant his motion to proceed *in forma pauperis* and remind him that he must continue making partial payments until the entire filing fee is paid in full.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge