FILED
United States Court of Appeals
Tenth Circuit

March 14, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DEMETRIUS R. HARGROVE,

Defendant-Appellant.

No. 13-3280
(D.C. Nos. 2:12-CV-02180-CM &
2:03-CR-20192-CM-1)
(D. Kan.)

---

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **TYMKOVICH**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and **BALDOCK**, Circuit Judge.

---

Demetrius R. Hargrove, a federal prisoner appearing pro se, seeks to appeal from the district court's order denying his motion attacking his sentence under 28 U.S.C. § 2255. We deny his application for a certificate of appealability (COA) and dismiss the appeal.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

Hargrove was indicted in December 2003 for five federal crimes arising from three murders in February and July 1998 and an attempted murder in January 1999. *See United States v. Hargrove*, 382 F. App'x 765, 768 (10th Cir. 2010). He pleaded not guilty to all charges and went to trial. Count 4 (attempted murder) was dismissed at the close of the government's case. *See id.* at 773. After twenty-one days of trial and four days of jury deliberation, Hargrove was convicted of the remaining four counts: two counts of murder by use of a firearm during a drug trafficking crime in violation of 18 U.S.C. §§ 924(j)(1) and 1111 (counts 1 and 2); one count of murder of a federal witness in violation of 18 U.S.C. §§ 1111 and 1512(a)(1)(A) (count 3); and one count of conspiracy to murder and attempt to murder a federal witness in violation of 18 U.S.C. §§ 371 and 1512(a)(1)(A) (count 5). *See Hargrove*, 382 F. App'x at 767, 771, 773. Although the government sought the death penalty, the jury rejected it, and "the court sentenced Hargrove to life imprisonment without the possibility of release on Counts 1, 2 and 3, and 60 months imprisonment on the remaining count [Count 5], all to run concurrent with each other." *Id.* at 773. We affirmed the convictions on appeal. *See id.* at 768, 786.

Hargrove filed his § 2255 motion in the district court pro se, asserting seven claims. His first six arguments related to the alleged ineffective assistance of his two trial attorneys. In addition, he requested an evidentiary hearing on his first claim asserting that trial counsel were ineffective in failing to timely move to dismiss

counts 1 and 2 of the indictment as barred by the statute of limitations. His seventh claim sought an evidentiary hearing based on the alleged cumulative errors by trial counsel. The district court concluded that Hargrove had failed to show that trial counsel's actions were objectively unreasonable or, even if they were, that he was prejudiced by them because he had failed to show that the results of the proceeding might have been different. The court denied the § 2255 motion without holding an evidentiary hearing and refused to issue a COA. Hargrove filed this appeal and a combined opening brief and application for a COA.

## II. Discussion

"A federal prisoner may not appeal from the denial of a § 2255 petition without first obtaining a COA." *United States v. Bedford*, 628 F.3d 1232, 1234 (10th Cir. 2010) (citing 28 U.S.C. § 2253(c)(1)(B)). We have held that "[a] COA will issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" *Id.* (quoting § 2253(c)(2)). Because the district court denied Hargrove's § 2255 motion on the merits, he "satisfies this burden by 'demonstrat[ing] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Id.* (alteration in original) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Although we construe pro se COA applications liberally, *Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002), Hargrove's pro se status does not relieve him of his burden to make a substantial showing of a constitutional violation.

An ineffective-assistance-of-counsel argument "involves a mixed question of law and fact that we review de novo." *United States v. Hollis*, 552 F.3d 1191, 1194 (10th Cir. 2009). Hargrove "must show both that (1) counsel's performance was deficient; and (2) the deficient performance prejudiced him." *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). His "[c]ounsel's performance will be deemed deficient if it fell below an objective standard of reasonableness." *Id.* (citing *Strickland*, 466 U.S. at 688). "In order to show prejudice, [Hargrove] must show 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000) (quoting *Strickland*, 466 U.S. at 694). "We need not analyze both the performance and prejudice prongs of the *Strickland* test if defendant fails to make a sufficient showing of one." *Hollis*, 552 F.3d at 1194 (internal quotation marks omitted).

In his application for a COA, Hargrove raises five of the seven issues he raised in his § 2255 motion. He asserts the ineffectiveness of trial counsel: (1) in failing to timely move to dismiss counts 1 and 2 of the indictment because the charges were barred by the statute of limitations; (2) in failing to use available court funds to obtain and present expert testimony on how a key witness's mental status affected her testimony; (3) in failing to thoroughly cross-examine that key witness's claim that the spirits of the two murder victims in counts 1 and 2 visited her; (4) in failing to object

- 4 -

when the district court refused to compel that key witness to release her psychiatric records; and (5) in failing to request the services of an expert witness with regard to a witness who identified Hargrove as the assailant of the murder victim in count 3. We find it necessary to address only his first claim.

Counts 1 and 2 charged Hargrove under 18 U.S.C. §§ 924(j)(1) and 1111 with committing two murders in February 1998 "in the course of a violation of . . . [18 U.S.C. §] 924(c), that is, carrying and using and possessing in furtherance of and discharging a firearm during and in relation to a drug trafficking crime, . . . a violation of 21 U.S.C. § 841(a)(1)." *Hargrove*, 382 F. App'x at 782 (internal quotation marks omitted). Section 924(j)(1) adds the possibility of the death penalty, life imprisonment, or imprisonment "for any term of years" where the use of a firearm in violation of § 924(c) caused a death constituting a murder, "as defined in section 1111." 18 U.S.C. § 924(j)(1).

The district court pointed out our previous holding that "[§] 924(j) does not set forth a discrete crime" from § 924(c). *United States v. Hargrove*, Nos. 03-20192-CM (Criminal), 12-2180-CM (Civil), 2013 WL 4787917, at *4 (D. Kan. Sept. 9, 2013) (citing *United States v. Battle*, 289 F.3d 661, 667 (10th Cir. 2002)). The court assessed Hargrove's argument that "'since [§] 924(j) does not set forth a discrete crime and it does not apply unless the government presents evidence demonstrating a violation of 18 U.S.C.S. § 9[24](c), the "*evidence*" relied [on] by the government during the trial must be within the statute of limitations.'" *Hargrove*, 2013 WL

4787917, at *4 (quoting R., Doc. 433, at 22) (third alteration in original) (emphasis in original). The court acknowledged that a charge under § 924(c) is governed by a five-year statute of limitations because it is not a capital offense, *see id.*(citing 18 U.S.C. § 3282(a)), but the court reasoned that "[b]ecause [a violation of § 924(j)(1)] is potentially punishable by death, § 924(j)[(1)] has no statute of limitations," *id.* (citing 18 U.S.C. § 3281). The court rejected Hargrove's argument that a charge under § 924(j)(1) is also subject to the five-year statute of limitations applicable to § 924(c) because it "would directly undermine the purpose of § 924(j)[(1)]," which, the court explained, was to "increase[] the punishment of § 924(c) and dispose[] of the statute of limitations." *Id.* The court concluded that Hargrove failed to show trial counsel's ineffectiveness because his proposed argument "would have been unavailing." *Id.* at *5.

Hargrove concedes on appeal that § 924(j)(1) has no statute of limitations. *See* Aplt. Combined Opening Br. & Appl. for COA at 6. Otherwise, his combined brief and application for a COA is, in large part, a copy of his § 2255 motion. He fails to explain to us why he believes that the district court's assessment of his first claim is debatable or wrong. *See Bedford*, 628 F.3d at 1234. Because he has failed to carry his burden in this respect, we deny a COA on this claim.[1]

---

[1]     Although Hargrove framed this issue in terms of a request for an evidentiary hearing regarding the prejudice resulting from the asserted ineffective assistance of trial counsel, he has not made clear what facts needed development. In any event, we find no error. A petitioner for habeas relief is entitled to an evidentiary hearing on a

(continued)

With regard to the other issues in Hargrove's application for a COA, we have reviewed the materials and deny a COA for substantially the reasons given by the district court.

The application for a COA is denied, and the appeal is dismissed.

Entered for the Court

Bobby R. Baldock
Circuit Judge

---

motion under 28 U.S.C. § 2255 "[u]nless the motion and the files and records of the case conclusively show that [he] is entitled to no relief."  28 U.S.C. § 2255(b).  "We review the denial of an evidentiary hearing in a § 2255 proceeding for an abuse of discretion."  *United States v. Clingman*, 288 F.3d 1183, 1187 n.4 (10th Cir. 2002).  In light of Hargrove's failure to show that the district court's conclusion that trial counsel was not constitutionally ineffective is debatable or wrong, it follows that the court did not abuse its discretion in failing to hold a hearing on this claim.