**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 16, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JORGE ALFREDO GUIJARRO,

    Defendant - Appellant.

No. 18-1191
(D.C. No. 1:17-CV-01921-CMA
and 1:12-CR-00038-CMA-4)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **McKAY**, and **O'BRIEN**, Circuit Judges.
_____

Jorge Alfredo Guijarro, a federal prisoner proceeding pro se[1], seeks a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2255 motion. Exercising jurisdiction under 28 U.S.C. § 1291, we deny Mr. Guijarro's motion for a COA and dismiss this appeal.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We construe Mr. Guijarro's pleadings liberally but we will not act as his advocate. *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

## BACKGROUND

On February 2, 2016, Mr. Guijarro pleaded guilty to conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)(ii)(II). As part of his plea agreement, Mr. Guijarro waived his right to appeal and to collaterally attack his conviction or sentence. The waiver, however, contained an exception. The exception permits Mr. Guijarro to challenge his conviction on the ground that he was denied effective assistance of counsel.

On May 31, 2016, the district court held Mr. Guijarro's sentencing hearing. At the hearing, the court calculated Mr. Guijarro's base offense level as 33 and his criminal history category as II. Mr. Guijarro's corresponding advisory-guideline sentencing range was 151 to 188 months of imprisonment. The court, however, sentenced Mr. Guijarro to 120-months imprisonment after granting the government's U.S.S.G. § 5K1.1 motion for a downward departure.[2]

On August 9, 2017, Mr. Guijarro filed a 28 U.S.C. § 2255 motion in the district court requesting that his sentence be vacated. In support, Mr. Guijarro made two arguments. First, Mr. Guijarro claimed that the sentencing court miscalculated his base offense level. Second, Mr. Guijarro claimed that he was denied effective assistance of counsel. Regarding his IAC claim, Mr. Guijarro argued that his counsel

---

[2] Despite the appellate waiver, Mr. Guijarro filed a direct appeal. He then moved to voluntarily dismiss his appeal. On September 30, 2016, this court granted Mr. Guijarro's motion and issued the mandate on the same day. Less than one year later, Mr. Guijarro filed his § 2255 motion in the district court. Accordingly, Mr. Guijarro's motion is timely under 28 U.S.C. § 2255(f)(1).

was ineffective by failing to investigate and present mitigating evidence of his mental-health issues.

The district court denied Mr. Guijarro's § 2255 motion. The court held that the sentencing court had correctly calculated Mr. Guijarro's base offense level. The court also held that counsel's performance at sentencing was reasonable, and, even if counsel's performance was not reasonable, Mr. Guijarro was incapable of demonstrating that he was prejudiced by any deficient performance. Notably, the court observed that Mr. Guijarro's sentence of 120 months of imprisonment was the statutory minimum, and any potentially mitigating evidence—i.e., Mr. Guijarro's mental-health issues—"would not have rendered a different result." R. vol. I at 68 n.4.

Mr. Guijarro filed a timely notice of appeal. We remanded the case back to the district court to decide, in the first instance, whether Mr. Guijarro was entitled to a COA. The district court promptly issued an order denying Mr. Guijarro a COA. Mr. Guijarro now moves this court for a COA.

## DISCUSSION

To obtain a COA, Mr. Guijarro must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Specifically, Mr. Guijarro must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We have closely examined the pleadings and the record in this case and determine that Mr. Guijarro has not made such a showing.

3

Mr. Guijarro presses two arguments on appeal. First, Mr. Guijarro argues that reasonable jurists could debate whether his plea of guilty was knowingly and intelligently made. But Mr. Guijarro did not raise this issue below. Absent extraordinary circumstances, we will not consider arguments raised for the first time on appeal. *United States v. Banks*, 355 F. App'x 123, 126 (10th Cir. 2009) (citing *Turner v. Pub. Serv. Co. of Colo.*, 563 F.3d 1136, 1143 (10th Cir. 2009)). We do not believe that this case presents extraordinary circumstances.

Mr. Guijarro provides no evidence to support his conclusory assertion that "reasonable jurists would debate whether his plea of guilty was intelligent and/or knowingly and voluntarily made." Appellant's Mot. for COA at 4. In fact, at his change of plea hearing, Mr. Guijarro told the court that he was competent, that he understood the consequences of pleading guilty, and that he was pleading guilty on his own accord. We see no reason to doubt these statements and, accordingly, fail to identify any extraordinary circumstances that would justify our consideration of an issue that Mr. Guijarro did not raise below.

Second, Mr. Guijarro argues that the district court erred when it denied his IAC claim. To prove an IAC claim, Mr. Guijarro must show two things: 1) that counsel's representation was deficient; and 2) that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-694 (1984). Failure to prove either of these factors means that Mr. Guijarro's claim must be denied. *Id*. at 687.

4

Here, it is inarguable that Mr. Guijarro cannot satisfy the second factor. Even if we assume Mr. Guijarro's counsel was deficient—which we do not believe was the case—we do not see how Mr. Guijarro was prejudiced. As the district court noted, Mr. Guijarro was sentenced to the statutory minimum of 120-months imprisonment. While the government filed a § 5K1.1 motion for a downward departure, this did not permit the court to sentence Mr. Guijarro below the statutory minimum. *See Melendez v. United States*, 518 U.S. 120, 129-130 (1996) (holding that a § 5K1.1(a) motion did not authorize the district court to sentence defendant below statutory minimum). Without another motion from the government, the sentencing court could not have given Mr. Guijarro a lower sentence. *See* 21 U.S.C. § 841(b)(1)(A)(ii)(II). No amount of mitigating evidence would change this result. Accordingly, we do not believe any reasonable jurist would debate the district court's resolution of this issue and we deny Mr. Guijarro's request for a COA.

## CONCLUSION

For the reason detailed above, we deny Mr. Guijarro's request for a COA and dismiss this appeal. Additionally, Mr. Guijarro's motion for appointment of counsel is denied.

Entered for the Court

Gregory A. Phillips
Circuit Judge