**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 14, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellant,

v.

NICKOLAUS ANNTWANN DOUGLAS,

    Defendant - Appellant.

No. 20-5064
(D.C. Nos. 4:18-CR-00196-CVE;
4:20-CV-00093-CVE-FHM)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

Defendant is in custody for violating federal gun laws. To remedy his situation, Defendant filed a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 – which the district court denied. The district court declined to issue a certificate of appealability. Defendant now seeks a certificate of appealability from this Court.

To obtain a certificate of appealability, a defendant must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

further." Slack v. McDaniel, 529 U.S. 473, 484 (2000). For the following reasons, we decline to issue a certificate of appealability and dismiss this appeal. 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003).

A special agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives swore to a criminal complaint and attached an affidavit alleging the following facts. Two Tulsa, Oklahoma police officers noticed a vehicle with its license plate partially obstructed from view and initiated a traffic stop. Defendant consented to the officers' request to search the vehicle. During the search, the officers found a loaded Taurus 9mm pistol. One of the officers read Defendant his Miranda rights. During the conversation that followed, Defendant told the officers that (1) he owned the items in the car, (2) he knew he was a felon, and (3) he knew he was not supposed to have a gun. A grand jury returned an indictment alleging that Defendant possessed a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Defendant pleaded guilty to the charged offenses and the district court sentenced him. Defendant then filed a § 2255 motion claiming his counsel provided ineffective assistance by advising him to accept a plea agreement. The district court denied his motion.

To prevail on his ineffective assistance of counsel claim, Defendant must show that (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment" and (2) "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v. Washington, 466 U.S. 668, 687 (1984). The "proper standard for attorney performance is

2

that of reasonably effective assistance," under "prevailing professional norms" in the legal profession. Id. at 687–88. So, "a guilty plea cannot be attacked as based on inadequate legal advice unless counsel was not 'a reasonably competent attorney' and the advice was not 'within the range of competence demanded of attorneys in criminal cases.'" Id. at 687 (quoting McMann v. Richardson, 397 U.S. 759, 770, 771 (1970)).

Defendant raises two potential bases in support of his claim that counsel's assistance fell below the constitutional minimum. First, he claims that his counsel failed to raise Rehaif v. United States, 139 S. Ct. 2191 (2019). And second, he claims counsel advised him to enter a plea of guilty to a charge that the government could not prove at trial.[1]

Defendant's argument based upon counsel's failure to raise Rehaif lacks merit. Defendant pleaded guilty in October 2018, and the court entered judgment in February 2019. The Supreme Court decided Rehaif in June 2019, eight months after the guilty plea and four months after the judgment. A failure "to predict future law" is not ineffective assistance of counsel. Bullock v. Carver, 297 F.3d 1036, 1052 (10th Cir. 2002). For that reason, Defendant cannot show the denial of a constitutional right or that reasonable jurists could debate whether the district court properly resolved the petition as to this argument. 28 U.S.C. § 2253(c); Slack, 529 U.S. at 484.

---

[1] The district court construed the motion to include an argument that counsel *coerced* Defendant to enter the plea. Defendant, however, does not develop the issue on appeal. Thus, we do not reach it. See Reedy v. Werholtz, 660 F.3d 1270, 1274 (10th Cir. 2011).

Defendant next argues that, given Rehaif, the government could not prove its case at trial and yet, his counsel advised him to plead guilty. In Rehaif, the Supreme Court held that prosecution under either 18 U.S.C. § 922(g) or 924(a)(2) requires the government to "prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. Defendant argues that he "did not admit at the time of his arrest that he was a felon who was not permitted to possess the firearm found in his truck." And, he contends "the government cannot provide any evidence to the contrary."

As discussed above, the Supreme Court decided Rehaif after the district court entered its judgment. Before Rehaif, every circuit that addressed the question, including this one, held the government did not need to prove a defendant's knowledge of his status. Rehaif, 139 S. Ct. at 2210 n.6 (Alito, J., dissenting); United States v. Games-Perez, 667 F.3d 1136, 1141–42 (10th Cir. 2012). Thus, even if counsel had raised Defendant's knowledge, the theory would have failed under then-existing law. And the failure to raise a meritless issue is not ineffective assistance of counsel. Sperry v. McKune, 445 F.3d 1268, 1275 (10th Cir. 2006). As above, we conclude Defendant failed to show the denial of a constitutional right or that the district court's resolution of his motion is debatable. 28 U.S.C. § 2253(c); Slack, 529 U.S. at 484.

Because we conclude that Defendant's counsel was not ineffective, we need not address Strickland's second prong. United States v. Hollis, 552 F.3d 1191, 1194 (10th Cir. 2009). For the reasons discussed above, we DENY Defendant's request for a

certificate of appealability and DISMISS this appeal.

Entered for the Court


Joel M. Carson III
Circuit Judge