**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 5, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DOMINGO MARTINEZ, JR.,

    Defendant - Appellant.

No. 25-1465
(D.C. Nos. 1:24-CV-00346-DDD &
1:19-CR-00277-DDD-1)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BACHARACH**, **McHUGH**, and **CARSON**, Circuit Judges.
_____

Domingo Martinez Jr., a federal prisoner proceeding pro se,[1] seeks a certificate of

appealability ("COA") granting him permission to appeal the denial of his motion to

vacate his sentence under 28 U.S.C. § 2255. Exercising jurisdiction under 28 U.S.C.

§ 1291, we deny his request for a COA and dismiss this matter.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] Because Mr. Martinez appears in these proceedings without counsel, we construe his pleadings liberally. _See Erickson v. Pardus_, 551 U.S. 89, 94 (2007) (per curiam). But we stop short of acting as his advocate. _See United States v. Pinson_, 584 F.3d 972, 975 (10th Cir. 2009).

## I.    BACKGROUND

After attempting to sell 443.3 grams of methamphetamine to a confidential informant, Mr. Martinez was convicted by jury of one count of possession with intent to distribute more than fifty grams of methamphetamine. The district court sentenced him to 144 months' imprisonment followed by five years of supervised release. This court affirmed his conviction on direct appeal. *See United States v. Martinez*, 88 F.4th 1310 (10th Cir. 2023).

Mr. Martinez filed a motion to vacate his sentence under 28 U.S.C. § 2255, alleging several claims of ineffective assistance of counsel. The district court denied the motion and, in the same order, denied a COA. Mr. Martinez now renews his request for a COA from this court so that he may appeal the district court's denial of his § 2255 motion. *See* 28 U.S.C. § 2253(c)(1)(B) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255.").

## II.    DISCUSSION

We may issue a COA only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, Mr. Martinez must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

2

### A.    Ineffective Assistance of Counsel Claims

In his request for a COA, Mr. Martinez argues four instances of ineffective assistance of counsel deprived him of a constitutional right. We review claims of ineffective assistance of counsel under the familiar two-pronged standard established in *Strickland v. Washington*, 466 U.S. 668 (1984). To establish constitutionally ineffective assistance of counsel under this standard, Mr. Martinez must show both (1) that his "counsel's representation fell below an objective standard of reasonableness" and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694. "We need not analyze both the performance and prejudice prongs of the *Strickland* test if [Mr. Martinez] fails to make a sufficient showing of one." *United States v. Hollis*, 552 F.3d 1191, 1194 (10th Cir. 2009) (internal quotation marks omitted). Applying these demanding standards, we conclude the district court correctly determined that Mr. Martinez had failed to show that his counsel's alleged deficiencies prejudiced him.

First, Mr. Martinez argues that his trial counsel performed deficiently by not challenging the admission of expert testimony from the Government witness Detective Brian Jeffers. Detective Jeffers, a law enforcement officer with over two decades of experience in drug trafficking, testified as an expert witness that the quantity of drugs, scales and baggies, and shrine to Santa Muerte found in Mr. Martinez's home were all consistent with someone involved in drug trafficking. *See Martinez*, 88 F.4th at 1312. Mr. Martinez claims that his trial counsel performed ineffectively by failing to request a hearing under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579

3

(1993), to challenge Detective Jeffers's qualifications as an expert and by failing to object to his testimony about the Santa Muerte evidence. Mr. Martinez contends that counsel's alleged deficiencies caused him to face plain-error review instead of *de novo* review when he challenged the admission of the Santa Muerte evidence on direct appeal. He asserts that, had he received *de novo* review, this court would have found Detective Jeffers's Santa Muerte testimony inadmissible, just as it did in *United States v. Medina-Copete*, 757 F.3d 1092 (10th Cir. 2014).

The district court rejected Mr. Martinez's argument on the basis that he failed to establish a reasonable probability that the result of trial would have been different but for counsel's alleged deficient performance. The district court reasoned that, on direct appeal, the Tenth Circuit found "no error, plain or otherwise, in the admission of [the Santa Muerte] testimony." ROA at 101 (quoting *Martinez*, 88 F.4th at 1314). Thus, the district court concluded that Mr. Martinez did not make a sufficient showing of prejudice because "his conviction would have been upheld even under a *de novo* standard." *Id.* at 102. Mr. Martinez now argues that the district court applied the incorrect standard of review in analyzing his claim regarding the Santa Muerte evidence. He asserts that because the Tenth Circuit analyzed his claims under plain-error review, its analysis "did not—and could not—definitively resolve whether the district court would have excluded the evidence under *de novo* review." Pet'r's Br. at 6.

We disagree. Although we applied plain-error review on direct appeal, the district court correctly noted that the holding of the case was that the district court did not err in admitting the Santa Muerte testimony. *See Martinez*, 88 F.4th at 1314. To be sure, we

4

could have declined to address whether the admission of the Santa Muerte evidence was erroneous and instead resolved Mr. Martinez's appeal on the grounds that any error was not plain or did not affect his substantial rights. *See United States v. Berryhill*, 140 F.4th 1287, 1302 (10th Cir. 2025) (explaining that a party seeking relief under plain-error review must satisfy each of the standard's four prongs). But we did not take that approach.

Instead, we took up the question of whether the admission of Detective Jeffers's Santa Muerte testimony was erroneous under *Medina-Copete* and concluded that it was not. *See Martinez*, 88 F.4th at 1314. We reasoned that Detective Jeffers's testimony was "readily distinguishable from *Medina-Copete*," because "[u]nlike the expert in *Medina-Copete*, Detective Jeffers's testimony was based solely on his 22 years of law-enforcement experience, with approximately 18 years focused on narcotics, not personal self-study." *Id.* Thus, we concluded that "[n]o . . . error pervaded Detective Jeffers's expert testimony." *Id.* at 1315. Because we held that the admission of the Santa Muerte evidence was not erroneous, the district court correctly determined that we would have upheld Mr. Martinez's conviction even if he had been entitled to *de novo* review. Thus, we conclude that reasonable jurists would not find wrong or debatable the district court's assessment that Mr. Martinez failed to prove prejudice, and Mr. Martinez is not entitled to a COA on this claim.

Next, Mr. Martinez argues that his trial counsel performed deficiently by failing to take sufficient curative action in response to an interruption that occurred during his trial. Specifically, during defense counsel's direct examination of Mr. Martinez, "a

spontaneous 'robocall' announcement played over the courtroom speakers warning that criminals were seeking to defund the police and soliciting public support for police against the efforts of criminals." *Martinez*, 88 F.4th at 1313. The judge immediately told the jury to disregard the robocall, took a recess to resolve the issue, and, when the jury returned, again instructed them to disregard the robocall. *Id.* But Mr. Martinez contends that defense counsel should have (1) "[o]bjected and moved for a mistrial," (2) "[r]equested specific curative instructions telling the jury to disregard the characterization of 'criminals' seeking to harm police," or (3) "[r]equested *voir dire* of the jury to assess whether they could remain impartial." Pet'r's Br. at 17.

The district court rejected this argument, reasoning that Mr. Martinez failed to establish prejudice with respect to these alleged shortcomings. Once again, the district court pointed to this court's decision on direct appeal, in which we held that there was "no error in the [trial] court's handling of this interruption" and that the robocall interruption did not deprive Mr. Martinez of his due process protections. *Martinez*, 88 F.4th at 1317. We reasoned that the trial court twice gave specific and "obvious" instructions to the jury to ignore the interruption, *id.* at 1317 & n.4, and that the robocall was "a short event occurring only once" as opposed to a "constant reminder of the accused's condition." *Id.* at 1317 (quotation marks omitted). Thus, because we have already held that the court's handling of the robocall interruption did not interfere with Mr. Martinez's rights, we conclude that reasonable jurists would not find wrong or debatable the district court's assessment that Mr. Martinez did not show prejudice on this point.

6

Third, Mr. Martinez argues that his trial counsel performed deficiently by failing to move for acquittal under Federal Rule of Criminal Procedure 29(a). The district court rejected this claim, finding that that Mr. Martinez did not establish prejudice because he did not point to any evidence suggesting that a Rule 29(a) motion would have been successful. We agree.

To succeed on a Rule 29(a) motion, Mr. Martinez would have needed to show that the evidence presented by the Government was "insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). Because Mr. Martinez's sole defense was entrapment, this would require a showing that the evidence compelled a finding that Mr. Martinez was entrapped as a matter of law. *See Martinez*, 88 F.4th at 1313. "[E]ntrapment as a matter of law exists only when there is undisputed testimony which shows *conclusively* and *unmistakably* that an otherwise innocent person was induced to commit the criminal act." *United States v. Nguyen*, 413 F.3d 1170, 1178 (10th Cir. 2005) (internal quotation marks and brackets omitted). The district court correctly concluded that Mr. Martinez has not made such a showing. In his briefing before this court, Mr. Martinez baldly asserts that a Rule 29(a) motion may have succeeded. But the burden is on Mr. Martinez to establish prejudice in support of his ineffective assistance claim, not on the Government to disprove it. *See Strickland*, 466 U.S. at 693 ("[A]ctual ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice."). Because reasonable jurists would not find debatable or wrong the district court's assessment that Mr. Martinez failed to prove prejudice, he is not entitled to a COA on this issue.

Fourth, and finally, Mr. Martinez argues that his trial counsel performed deficiently by failing to object to the court's jury instructions regarding his entrapment defense. Specifically, he contends that counsel should have requested an instruction "indicat[ing] that once entrapment is established the evidence obtained by the Government . . . must be suppressed." ROA at 54.

The district court rejected this claim on the basis that Mr. Martinez did not establish prejudice, noting that the jury was specifically "instructed that entrapment would preclude conviction." *Id.* at 105. Because the jury convicted Mr. Martinez, the district court reasoned that the jury "found beyond a reasonable doubt he was not entrapped" and so the instruction about the consequences of an entrapment finding "would have been irrelevant." *Id*. We agree. Mr. Martinez has not persuaded us that the claimed deficiency in the instructions undermined the jury's ability to fairly evaluate his entrapment theory. And his speculation that a different instruction might have irrationally led the jury to a different verdict is insufficient to establish prejudice under *Strickland*. *See* 466 U.S. at 695 ("An assessment of the likelihood of a result more favorable to the defendant must exclude the possibility of arbitrariness, whimsy, caprice, 'nullification,' and the like."). We therefore conclude that reasonable jurists would not find the district court's decision wrong or debatable. Consequently, Mr. Martinez is not entitled to a COA on this issue.

### B.    *Cumulative Error Doctrine*

Next, Mr. Martinez argues that the district court erred by failing to consider whether the "cumulative effect of all [of trial counsel's alleged] failures prejudiced

Mr. Martinez's defense." Pet'r's Br. at 18. But because Mr. Martinez did not claim that he was entitled to relief under the cumulative error doctrine in his original § 2255 motion, we need not address this issue. *See United States v. Dixon*, 1 F.3d 1080, 1082 n. 2 (10th Cir.1993) (declining to address issue not raised in original § 2255 motion), *abrogated on other grounds by Florida v. White*, 526 U.S. 559 (1999); *see also Jones v. Gibson*, 206 F.3d 946, 958 (10th Cir. 2000) (applying waiver analysis to cumulative-error claim not asserted in habeas petition).

### C.    *Evidentiary Hearing*

Finally, Mr. Martinez contends that the district court erred when it refused to hold an evidentiary hearing to resolve his ineffective assistance of counsel claims. "We review the district court's refusal to hold an evidentiary hearing for an abuse of discretion." *United States v. Harms*, 371 F.3d 1208, 1210 (10th Cir. 2004). The purpose of an evidentiary hearing is to resolve conflicting evidence, and a hearing is unnecessary when the uncontested evidence establishes that the defendant was not prejudiced. *See Blackledge v. Allison*, 431 U.S. 63, 80–83 (1977) (explaining that a petitioner not entitled to full evidentiary hearing when he fails to raise a genuine issue of fact to be resolved by the court). Because the undisputed facts in the record demonstrate that Mr. Martinez was not prejudiced by his counsel's alleged deficiencies, the district court did not abuse its discretion in refusing to hold an evidentiary hearing.

### III.    CONCLUSION

Because no reasonable jurist could debate the district court's rulings, we DENY

Mr. Martinez's request for a COA and DISMISS this matter.

Entered for the Court

Carolyn B. McHugh
Circuit Judge