**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**December 20, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ALBERT EARL BOLDEN, JR.,

    Defendant - Appellant.

No. 06-6192
(D.C. Nos. CR-99-59-L and
CIV-03-314-L)
(D.N.M.)

---

**ORDER DENYING A CERTIFICATE
OF APPEALABILITY**

---

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

---

Albert Earl Bolden, a federal prisoner represented by counsel, requests a

certificate of appealability ("COA") to appeal the district court's denial of his

28 U.S.C. § 2255 habeas petition. For substantially the same reasons set forth by

the district court, we **DENY** a COA and **DISMISS**.

Bolden was charged by superseding indictment with one count of

conspiracy to distribute cocaine base ("crack") in violation of 21 U.S.C. § 846,

one count of maintaining a place for the purpose of distributing and using crack in

violation of 21 U.S.C. § 856(a)(1), three counts of distributing crack in violation

of 21 U.S.C. § 841(a)(1), one count of possession of crack with intent to

distribute in violation of 21 U.S.C. § 841(a)(1), one count of being a felon in

possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and one count of aiding and abetting the distribution of crack in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). A jury convicted Bolden on all counts, and the trial court imposed an aggregate sentence of 360 months' imprisonment, followed by a six-year term of supervised release. We affirmed, United States v. Bolden, 23 F. App'x 900 (10th Cir. 2001) (unpublished), and the Supreme Court denied Bolden's petition for certiorari. Bolden v. United States, 535 U.S. 943 (2001).

On March 7, 2003, Bolden filed the instant § 2255 petition in federal district court. Because the district court rejected Bolden's claims and denied his subsequent application for a COA, Bolden now seeks a COA from this court.[1] He raises seven claims in his application for a COA: (1) The district court's jury selection system violates the Fifth and Sixth Amendments; (2) His sentence must be vacated under Apprendi v. New Jersey, 530 U.S. 466 (2000) and United States v. Booker, 543 U.S. 220 (2005); (3) Criminalizing possession of a firearm by a felon under § 922(g)(1) violates the Commerce Clause of the U.S. Constitution; (4) Police officers' search of his home violated the Fourth Amendment; (5)

---

[1] A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires Bolden to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). Because the district court denied Bolden a COA, he may not appeal the district court's decision absent a grant of COA by this court.

Section 922(g)(1) violates the Equal Protection Clause of the Fifth Amendment; (6) Testimony of government witnesses was inadmissible because the witnesses were subject to illegal plea agreements; and (7) Trial and appellate counsel were ineffective for failing to raise claims one through six.

Bolden concedes that claims one, two, three, and five would fail on the merits before a panel of this court under current Tenth Circuit and Supreme Court precedent. Nonetheless, he seeks a grant of COA on these claims to preserve the issues "for any review that he may seek beyond the panel level." We remind Bolden that a § 2255 petition is not an appropriate vehicle to raise issues that should have been raised on direct appeal. See United States v. Cook, 997 F.2d 1312, 1320 (10th Cir. 1993). Failure to present an issue on direct appeal bars a defendant from raising it in a § 2255 motion "unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." Id. Articulating a desire to preserve issues for Supreme Court review is insufficient.

Although Bolden also argues that the allegedly ineffective assistance of his trial and appellate counsel excuses the procedural default of his six other claims, we are not persuaded by this argument. For substantially the same reasons as the district court, we hold that Bolden's ineffective assistance of counsel claim fails

and that his other claims are without merit.[2]

Accordingly, we **DENY** Bolden's application for a COA.


ENTERED FOR THE COURT


Carlos F Lucero
Circuit Judge

---

[2] This court previously rejected Bolden's jury composition claim in a consolidated case. See United States v. Orange, 447 F.3d 792 (10th Cir. 2006). The district court consolidated the jury composition issues in Bolden and Orange on August 31, 2004.