FILED
**United States Court of Appeals**
**Tenth Circuit**

**December 5, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JAMES A. McKEIGHAN,

    Defendant - Appellant.

No. 14-3132
(D.C. Nos. 2:13-CV-02581-JWL and
2:06-CR-20066-JWL-1)
(D. Kan.)

---

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

---

Defendant-Appellant James McKeighan, a federal inmate appearing pro se, seeks to appeal from the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. United States v. McKeighan, Nos. 06–20066–01–JWL, 13–2581–JWL, 2014 WL 2515203 (D. Kan. June 3, 2014). The district court denied one claim solely on the basis of procedural bar but reached the merits on the remaining claims. Id. at *1. Because Mr. McKeighan has not made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny his request for a certificate of appealability (COA) and dismiss the appeal. Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

In 2007, a jury convicted Mr. McKeighan of four counts related to his

possession of marijuana, methamphetamine, and firearms. He was sentenced to a term of imprisonment of 293 months on the first count—possession with intent to distribute five or more grams of methamphetamine—and a term of imprisonment of 120 months on the remaining counts. The sentences run concurrently. On direct appeal with different counsel, this court affirmed Mr. McKeighan's convictions and sentence. United States v. McKeighan, 685 F.3d 956 (10th Cir.), cert. denied, 133 S. Ct. 632 (2012).

In his § 2255 motion, Mr. McKeighan asserts claims of ineffective assistance of counsel and "vindictive prosecution" or misconduct by the government and court during his arrest and trial. To obtain a COA, Mr. McKeighan must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). For the claim denied solely on the basis of procedural bar, Mr. McKeighan must show that the district court's procedural ruling was debatable and that his motion contained a debatably valid constitutional claim. Slack, 529 U.S. at 484 (2000).

To establish ineffective assistance of counsel, Mr. McKeighan must first demonstrate deficient performance, or "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687 (1984). He must then demonstrate

prejudice, or that these errors deprived him of a "fair trial, a trial whose result is reliable." Id. Mr. McKeighan sets forth numerous claims of ineffective assistance of counsel, including that his counsel: (1) did not file certain motions upon Mr. McKeighan's request, (2) did not adequately prepare for Mr. McKeighan's suppression hearing, (3) consulted with Mr. McKeighan only during brief visits to the Correction Corporation of America, (4) did not subpoena or adequately interview requested witnesses, (5) should have moved to strike two pro-prosecution jurors for cause rather than using peremptory strikes, (6) assisted the government in amending the superseding indictment, (7) refused to hire an expert to analyze fingerprint evidence, (8) rushed through Mr. McKeighan's trial by presenting no evidence in his favor, (9) did not seek a mistrial although several jurors fell asleep, (10) did not show Mr. McKeighan his Presentence Investigation Report before he was sentenced, (11) refused to call Mr. McKeighan's friends and family to testify at his sentencing hearing, and (12) failed to meet various appeal deadlines. Mr. McKeighan has failed to establish either deficient performance or prejudice with respect to any of his claims. In particular, he has failed to show that, but for errors by either his trial or appellate counsel, there is a reasonable probability that the result of the proceedings would have been different. Strickland, 466 U.S. at 694. Thus, the district court's resolution in not reasonably debatable.

Mr. McKeighan has also raised several issues with respect to the

government's conduct during his arrest, detention, and prosecution and the court's conduct during his trial. Because he did not raise these issues on direct appeal, he is procedurally barred from raising them here unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or he can show that a fundamental miscarriage of justice will occur if his claims are not addressed. United States v. Bolden, 472 F.3d 750, 751–52 (10th Cir. 2006). Mr. McKeighan has made no such showing, and, where the district court resolved certain issues on the merits, we do not find its resolution reasonably debatable.

Accordingly, we DENY a COA, DENY IFP status, and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge