**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 31, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MIGUEL ANTONIO GARCIA,

    Defendant - Appellant.

No. 20-1160
(D.C. Nos. 1:19-CV-001518-RM and
1:18-CR-00363-RM-1)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HOLMES**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

Miguel Garcia, a prisoner proceeding pro se,[1] seeks a certificate of appealability

(COA) to appeal the district court's order denying his 28 U.S.C. § 2255 motion.[2] For the

reasons explained below, we deny his request and dismiss this matter.

A jury found Garcia guilty of possession of a firearm and ammunition by a

prohibited person in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); possession of a

firearm in furtherance of a drug-trafficking crime in violation of § 924(c)(1)(A)(i); and

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] We liberally construe Garcia's pro se filings. But we will not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2] Garcia supplemented his original COA application with a second brief within the original filing deadline. We now consider both briefs as Garcia's application.

possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii). After trial, the district court granted two successive counsel's motions to withdraw and allowed Garcia to represent himself. Garcia then filed post-trial motions claiming, among other things, that he received ineffective assistance of counsel (IAC), that the government secured his indictment and conviction using fabricated evidence and perjured testimony, among other government misconduct; that the jury was erroneously instructed; and that his rights under the Confrontation Clause were violated. The district court denied all motions and entered judgment sentencing Garcia to 280 months in prison.

Garcia did not file a direct appeal. Instead, before the time to appeal expired, he filed a § 2255 motion, largely reasserting the same claims as the post-trial motions. He later supplemented his motion, adding two new claims: one based on *Rehaif v. United States*, 139 S. Ct. 2191 (2019), and another based on *United States v. Davis*, 139 S. Ct. 2319 (2019). After concluding that all of Garcia's claims were both procedurally barred and lacked merit, the district court dismissed Garcia's § 2255 motion and denied him a COA.

Garcia seeks to appeal, but he must first obtain a COA. 18 U.S.C. § 2253(c). Because the district court dismissed his habeas claims on procedural grounds, Garcia can obtain a COA by showing that reasonable jurists could debate both the district court's procedural ruling and the validity of his constitutional claims. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We may rule on whichever basis "is more apparent from the record and arguments." *Id.* at 485.

2

In his application for a COA, Garcia now asserts the same categories of claims that he raised in his § 2255 motion. First, his IAC claims are based largely on his assertion that his counsel failed to prevent the government from infecting his trial with errors. Specifically, Garcia claims his counsel allowed the government to use allegedly fabricated evidence presented to the grand jury and at trial; failed to object to certain jury instructions; and failed to properly investigate and present mitigating evidence. Next, Garcia claims he was denied due process because the government violated *Rehaif*. He then asks to appeal the errors underlying his IAC claims themselves, including that the government violated due process by using fabricated evidence and improperly instructing the jury. Further, he claims that the government violated his constitutional rights by using perjured testimony, committing *Brady* violations, and failing to produce a 911 caller.

We begin by assessing Garcia's IAC claims. Garcia did not assert these claims in a direct appeal, and a § 2255 motion generally "is not an appropriate vehicle to raise issues that should have been raised on direct appeal." *United States v. Bolden*, 472 F.3d 750, 751 (10th Cir. 2006). We typically excuse IAC claims from that general direct-appeal requirement. *United States v. Erickson*, 561 F.3d 1150, 1170 (10th Cir. 2009). But the district court concluded this exception did not apply to Garcia's IAC claims because they were fully briefed and decided in post-trial motions. We do not need to decide if the district court was correct in its procedural decision because we can consider whichever component of the COA threshold inquiry is "more apparent from the record and arguments." *Slack*, 529 U.S. at 485. We therefore consider whether reasonable jurists could debate the district court's dismissal of the IAC claims on the merits. *See id.*

3

To state an IAC claim, Garcia must show that counsel's performance both "fell below an objective standard of reasonableness," and prejudiced him, creating "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1982). Our review is "highly deferential" to counsel. *Id.* at 689. And, because we are engaging in a COA inquiry, not a complete merits analysis, we do so "without 'full consideration of the factual or legal bases adduced in support of the claims.'" *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)).

First, Garcia claims that his counsel was ineffective for failing to challenge the use of allegedly fabricated evidence as the basis for his indictment and at trial. Specifically, Garcia points to two categories of fabricated evidence: (1) evidence found in Garcia's pocket that matched evidence found in a backpack containing firearms and methamphetamine and (2) a lab report analyzing those drugs. The district court addressed these claims and found them without merit. But Garcia ignores the district court's findings in his COA application, reasserting his arguments from his habeas motion instead of challenging the district court's conclusions. By not addressing the district court's order, Garcia has waived this challenge to it. *See Grant v. Trammell*, 727 F.3d 1006, 1025 (10th Cir. 2013).

Even if Garcia had not waived these claims, they fail on the merits. *See id.* Garcia cites no evidence in support of his belief that the evidence was falsified. And Garcia has

not shown that the lab report was presented to the grand jury or the trial jury.[3] Further, his counsel attempted to suppress all the contents of the backpack and then cross-examined detectives about the evidence found in the backpack. Garcia has not demonstrated that these efforts were objectively unreasonable. Next, Garcia argues that his counsel should have objected to instructing the jury on actual possession of the backpack and instead should have sought a constructive-possession instruction. But as the district court pointed out, the government's theory of the case was that Garcia was in actual possession of the backpack. And we agree with the district court that it is not objectively unreasonable to decline to request an instruction that is unrelated to the government's theory. Finally, Garcia argues that his counsel did not investigate his case, contact alibi witnesses, or present any mitigating evidence.[4] Again, we agree with the district court that these conclusory allegations do not suffice to state a constitutional claim. *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994). Accordingly, reasonable jurists could not debate that Garcia has failed to state an IAC claim.

Next, we turn to the merits of Garcia's *Rehaif* claim. Like his IAC claims, Garcia fails to challenge the district court's reasons for rejecting his *Rehaif* argument. Again, by not addressing that ruling, Garcia has waived his challenge to it. *See Grant*, 727 F.3d at

---

[3] At trial, Garcia and the government stipulated to the weight and purity of the methamphetamine seized from the backpack. He does not address this stipulation in his application for a COA.

[4] To the extent that Garcia's argument is based on the fact that counsel did not call as a witness or compel the government to call as a witness the 911 caller who later identified Garcia out of court, we also agree with the district court that reasonable counsel would avoid calling a witness who could make an in-court identification of a criminal defendant. *Hawkins v. Hannigan*, 185 F.3d 1146, 1155 (10th Cir. 1999).

5

1025. But the claim also fails on the merits. In *Rehaif*, the Court held that in prosecutions under § 922(g) and § 924(a)(2) , "the [g]overnment must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. Garcia stipulated to his prior felony conviction at trial. Nevertheless, he now argues that he was denied due process because the stipulation "did not establish [his] knowledge of his status," and the jury was not instructed on the additional knowledge requirement. Aplt. Supp. Br. 7. Specifically, he argues that his *Rehaif* challenge is based on his misunderstanding of the law and belief that he had a "constitutional right to bear arm[]s and protect his family." *Id.* But *Rehaif* did not create a "plausible ignorance defense." *United States v. Williams*, 946 F.3d 968, 974 (7th Cir. 2020). Nor does *Rehaif* offer relief based on a "philosophical objection[]" to the law. *United States v. Daniels*, 804 F. App'x 944, 946 (10th Cir. 2020) (unpublished) (denying COA where knowledge of fact of prior conviction was not at issue). As such, reasonable jurists could not disagree that Garcia has failed to state a valid constitutional claim based on *Rehaif*.[5]

---

[5] Garcia also claims that his conviction under § 924(c), which heightens penalties for possessing a firearm during a "crime of violence or drug[-]trafficking crime," is invalid. § 924(c)(1)(A). In support, he cites *United States v. Davis*, 139 S. Ct. 2319 (2019), where the Court found the phrase "crime of violence" in 924(c) unconstitutionally vague. But Garcia's §924(c) conviction was based on a drug-trafficking crime, not a crime of violence. Because he does not explain how the invalidation of a different statutory term impacts his conviction, we do not address this claim. *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1037 (10th Cir. 2012) (declining to consider conclusory statement unsupported by legal authority or record evidence).

6

We end by assessing whether reasonable jurists could debate the district court's application of the procedural bar for the remaining claims.[6] Each of these claims "should have been raised on direct appeal." *Bolden*, 472 F.3d at 751. Because Garcia did not file a direct appeal, he may raise these claims in his § 2255 motion only if "he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *Id.* at 752 (quoting *United States v. Cook*, 997 F.2d 131, 1320 (10th Cir. 1993)). Garcia bears the burden of showing cause and prejudice. *See Daniels v. United States*, 254 F.3d 1180, 1190 n.3 (10th Cir. 2001) (en banc). And establishing a fundamental miscarriage of justice or his actual innocence requires showing "'that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt' absent a constitutional error." *Black v. Workman*, 682 F.3d 880, 915 (10th Cir. 2012) (alteration in original) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

In concluding that Garcia did not show cause to overcome the procedural default, the district court noted that although Garcia's § 2255 motion stated that he did not file a direct appeal because he had discovered new evidence, he did not present new evidence. Instead, he repeated the arguments he made in his post-trial motions. Next, the district

---

[6] We separately address two of these claims: Garcia seeks a COA to appeal the denial of his motion to appoint counsel for his habeas proceeding and the denial of his motion to have the government produce documents. His brief merely identifies these claims without further argument. Because he does not argue in support of these conclusory claims, we do not consider them. *See Palma-Salazar*, 677 F.3d at 1037.

court found that Garcia would not suffer prejudice from barring his § 2255 motion because Garcia raised and argued these issues and the court rejected them prior to sentencing. Nor could he show that a reasonable jury would reach a different verdict but for his alleged errors. For example, although he argued that the government fabricated evidence connecting Garcia to the backpack, the government presented other evidence sufficient to convict Garcia without the allegedly fabricated evidence: video footage, a 911 call, and a cellphone in the backpack that matched a cellphone backplate in his pocket.

In his application for a COA, Garcia does not challenge or acknowledge any of these findings by the district court. That is, he fails to point to any "objective factor external to [his] defense" that "impeded" his ability to raise his claims on direct appeal. *Daniels v. United States*, 254 F.3d 1180, 1190 (10th Cir. 2001) (quoting *McCleskey v. Zant*, 499 U.S 467, 493 (1991), *abrogated by statute on other grounds*). Nor does he acknowledge the other evidence used to convict him. He thus has not shown that notwithstanding the constitutional errors he asserts, the jury would be reasonably likely to change its guilty verdict. Accordingly, Garcia has not shown actual innocence or that a fundamental miscarriage of justice would result from procedurally barring these claims.

Because reasonable jurists could neither debate whether Garcia stated a constitutional claim regarding IAC or *Rehaif*, nor "whether the district court was correct" in determining his remaining claims are procedurally defaulted, we deny Garcia's request for a COA and dismiss this matter. *Slack*, 529 U.S. at 484. As a final matter, we grant

8

Garcia's motion to proceed in forma pauperis.


                                        Entered for the Court


                                        Nancy L. Moritz
                                        Circuit Judge