**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**May 22, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TRENTON HOLLIS PORTER,

    Defendant - Appellant.

No. 22-1449
(D.C. Nos. 1:20-CV-01784-REB &
1:14-CR-00187-REB-1)
(D. Colo.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **TYMKOVICH**, **McHUGH**, and **CARSON**, Circuit Judges.
_____

Petitioner Trenton Hollis Porter asks the Court to grant a certificate of appealability ("COA") to challenge the district court's denial of his 28 U.S.C. § 2255 application. For the reasons stated below, we deny his request for a COA and dismiss the appeal.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

Petitioner pleaded guilty in the United States District Court for the District of Colorado to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The district court sentenced Petitioner to 96-months imprisonment. United States v. Porter, No. 15-1206 (10th Cir. Mar. 29, 2016) (unpublished). Petitioner appealed his sentence and this Court reversed and remanded for resentencing. Id. The district court then sentenced Petitioner to 78 months; Petitioner again appealed, but we affirmed. United States v. Porter, No. 16-1289 (10th Cir. Mar. 30, 2017) (unpublished).

In 2019, the Supreme Court decided Rehaif v. United States, 139 S. Ct. 2191, 2194 (2019), holding that, in order to convict a defendant under 18 U.S.C. § 922(g), the government "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." Pursuant to this change in the law, Petitioner moved to vacate or set aside his conviction and sentence under 28 U.S.C. § 2255. Petitioner argued that his guilty plea was invalid in light of Rehaif because he would not have pleaded guilty if he knew the government must prove he had "been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. §922(g)(1).

The district court dismissed Petitioner's claim, concluding that Appellant was "barred from raising [the Rehaif issue] in a § 2255 motion" because he "did not raise his Rehaif claim on direct appeal." In the same order, the district court denied Appellant a

COA because Appellant did not make "a substantial showing of the denial of a constitutional right or other legal right."

## II.

Petitioner asks the Court to grant him a COA. Petitioner also asks the Court to reverse the denial of his 28 U.S.C. § 2255 motion, but because we deny his request for a COA, we need not reach the merits of his appeal.

To receive a COA, Petitioner must make a "substantial showing of the denial of a constitutional right." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (quoting 28 U.S.C. § 2253(c)(2)). This generally requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)) (internal quotation marks omitted).

But "[w]hen a defendant fails to raise an issue on direct appeal, he is barred 'from raising it in a § 2255 motion.'" United States v. McGaughy, 670 F.3d 1149, 1159 (10th Cir. 2012) (quoting United States v. Hollis, 552 F.3d 1191, 1193-94 (10th Cir. 2009)). Petitioner accordingly concedes he has defaulted his claim; Petitioner acknowledges he did not argue—in either of his direct appeals—that his guilty plea was improvident because of his lack of knowledge about his relevant status. This default, however, is excused where a petitioner can show "cause excusing his procedural default and actual

3

prejudice resulting from the errors of which he complains."[1]  United States v. Bolden, 472 F.3d 750, 751 (10th Cir. 2006) (quoting United States v. Cook, 997 F.2d 1312, 1320 (10th Cir.1993)).

We need not answer whether cause exists for Petitioner's default because Petitioner has not shown that actual prejudice resulted from the error of which Petitioner claims.  To show prejudice, Petitioner must show "there is a reasonable probability" that the result of his guilty plea proceedings would have been different but for the error. Strickler v. Greene, 527 U.S. 263, 289 (1999).  In other words, to avoid default, Petitioner must show a reasonable probability that he would not have pleaded guilty if he knew the government had to prove Petitioner knew he had been previously convicted of an offense punishable by imprisonment for a term of one year at the time of his § 922 offense.

Under this standard, Petitioner's claim is unpersuasive.  In 2012, Petitioner pleaded guilty to a felony conviction for attempted escape.  For this conviction Petitioner received a sentence of one year.  Also in 2012, Petitioner pleaded guilty to a felony conviction for robbery.  For this conviction Petitioner received a sentence of eight years.

---

[1] Default is also excused if a petitioner "can show that a fundamental miscarriage of justice will occur if his claim is not addressed."  United States v. Bolden, 472 F.3d 750, 751-52 (10th Cir. 2006) (quoting United States v. Cook, 997 F.2d 1312, 1320 (10th Cir.1993)).  Petitioner makes no arguments pursuant to this exception.

In 2014, Petitioner pleaded guilty to felony assault. For this conviction Petitioner received a sentence of eight years.

A court may not accept a guilty plea without first determining that the defendant "understands the possible penalty." Colo. R. Crim. P. 11(b)(4). Therefore, presuming regularity, courts instructed Petitioner at least three times that he had committed a crime punishable by imprisonment for a term exceeding one year.[2] Furthermore, Petitioner actually received two sentences exceeding one year. In light of these facts, the government could easily have proved that Petitioner knew he had been convicted of a crime punishable by more than a year in prison. We therefore conclude no reasonable probability exists that Petitioner would have rejected the plea agreement if he knew the government was required to prove he knew he had been previously convicted of an offense punishable by imprisonment for a term of one year at the time of the charged offense.

We deny Petitioner's request for a COA because he has failed to establish that his claim is exempt from procedural default. And, because we deny the COA, we do not

---

[2] "The presumption of regularity supports the official acts of public officers, and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties." United States v. Chem. Found., 272 U.S. 1, 14-15 (1926) (citing The Confiscation Cases, 87 U.S. 92, 108 (1873)). The Supreme Court has applied this presumption to judges. See, e.g., Lewis v. United States, 279 U.S. 63, 73 (1929). Under this presumption, although the record does not contain the transcripts of Petitioner's three prior plea hearings, this Court presumes the trial judges informed Petitioner of the maximum sentences for his offenses in the absence of clear evidence to the contrary.

reach the merits of his petition.  We grant Petitioner's request to proceed *in forma pauperis*.

Entered for the Court


Joel M. Carson III
Circuit Judge