**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

FILED
United States Court of Appeals
Tenth Circuit

**April 17, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

COREY SHAMON MCKINNEY,

    Defendant - Appellant.

No. 24-5098
(D.C. Nos. 4:24-CV-00145-CVE-CDL &
4:20-CR-00019-CVE-1)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **MORITZ**, **EID**, and **FEDERICO**, Circuit Judges.
_____

Corey Shamon McKinney applies for a certificate of appealability (COA) to challenge the district court's denial of his 28 U.S.C. § 2255 motion for post-conviction relief. We deny a COA.

## I. Background

Relying on information from a confidential informant, Tulsa police obtained warrants to search a home where Mr. McKinney resided. In searches in November 2019 and January 2020 they found drugs, guns, and an illegal gun silencer. Mr. McKinney

---

* This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

was indicted on multiple drug and firearm charges.  The district court denied his motion to suppress the evidence from the searches, and he was convicted on all counts.[1]

He appealed, arguing a Fourth Amendment violation under *Franks v. Delaware*, 438 U.S. 154 (1978), which "requires the exclusion of evidence obtained through a search warrant that was issued only because an affiant recklessly or intentionally included false information in the search-warrant affidavit." *United States v. Norton*, 130 F.4th 824, 832 (10th Cir. 2025).  Mr. McKinney claimed the trial testimony of the officer who obtained the search warrants contradicted statements he had included in his search-warrant affidavits and showed he had "made material and reckless misstatements in the affidavits." *United States v. McKinney*, No. 21-5074, 2023 WL 111044, at *3 (10th Cir. Jan. 5) (unpublished), *cert. denied*, 143 S. Ct. 2479 (2023).

We rejected that argument, holding Mr. McKinney had neither shown a *Franks* violation nor made the preliminary showing that would entitle him to a *Franks* hearing. *See id.* at *5.  Comparing the affidavits with the trial testimony, we concluded "the trial testimony does not contradict the affidavit statements," *id.* at *3, and that "[t]o the extent any tension could be found" between the two, Mr. McKinney had not shown the officer "'entertained serious doubts'" about the affidavits or "acted with 'deliberate falsehood or reckless disregard for the truth.'" *Id.* at *4 (quoting *United States v. Xiang*, 12 F.4th 1176, 1183 (10th Cir. 2021) *and Franks*, 438 U.S. at 171).

---

[1] We briefly summarize the background without repeating facts we described in more detail in Mr. McKinney's direct appeal.  *See United States v. McKinney*, No. 21-5074, 2023 WL 111044 (10th Cir. Jan. 5, 2023) (unpublished), *cert. denied*, 143 S. Ct. 2479 (2023).

After the Supreme Court denied certiorari, Mr. McKinney filed a pro se § 2255 motion.  The district court denied his motion and denied a COA.

## II.  COA Standard

To appeal, Mr. McKinney must obtain a COA.  *See* 28 U.S.C. § 2253(c).  To do so where the district court rejected a § 2255 claim on the merits, he must show "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Where the district court denied relief on procedural grounds, he must show "[1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*

## III. Discussion

Because Mr. McKinney proceeds pro se, we liberally construe his arguments, but we stop short of acting as his advocate.  *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).  His COA application presents two claims of ineffective assistance of counsel, addressed below.  To prevail on these claims he "must establish that (1) counsel's performance 'fell below an objective standard of reasonableness,' and (2) 'the deficient performance prejudiced the defense.'"  *Frederick v. Quick*, 79 F.4th 1090, 1104 (10th Cir. 2023) (quoting *Strickland v. Washington*, 466 U.S. 668, 687, 688 (1984)), *cert. denied*, 144 S. Ct. 2634 (2024).

A.

First, Mr. McKinney argues his counsel was ineffective because he did not move for a *Franks* hearing or renew the motion to suppress based on the officer's testimony.

The district found this claim indistinguishable from the *Franks* argument this court "considered and rejected on direct appeal." R. vol. 1 at 468. It described our prior decision as raising a "procedural bar" or "procedural default" to raising this ineffective assistance claim in his § 2255 motion. *Id.* at 467, 469. It also ruled that even if Mr. McKinney's claim is not procedurally barred, he had not shown his counsel's failure to request a *Franks* hearing or renew the motion to suppress was objectively unreasonable, both given our conclusion that the officer's testimony did not contradict his affidavits, and also because his counsel had "highlight[ed] gaps in the plaintiff's case, particularly the lack of direct evidence showing [Mr. McKinney] in possession of drugs or a firearm," and, the district court reasoned, further pursuing the alleged *Franks* violation "would likely have distracted the jury." *Id.* at 469–70.

We deny a COA on this claim. "In general, we have discretion to affirm on any ground adequately supported by the record," and we may apply that principle when ruling on an application for a COA. *Davis v. Roberts*, 425 F.3d 830, 834 (10th Cir. 2005) (internal quotation marks and brackets omitted). We see no general "procedural bar" that prevented Mr. McKinney from claiming ineffective assistance of counsel in his § 2255 motion. But given the basis of his particular claim, the reasoning of our decision on direct appeal shows it cannot succeed.

4

The central claim in Mr. McKinney's COA application is that inconsistencies between the warrant affidavits and the officer's trial testimony showed a "plain *Franks* violation" that his trial counsel failed to recognize or rectify. Aplt. Br. at 16 (italicization added). But on direct appeal, we compared the affidavits with the testimony, and we held that "*the trial testimony does not contradict the affidavit statements.*" *McKinney*, 2023 WL 111044, at *3 (emphasis added).

Mr. McKinney's § 2255 ineffective assistance claim is based on the same supposed contradictions between the affidavits and the testimony that we considered on direct appeal. Our prior decision therefore prevents him from showing ineffective assistance of counsel under *Strickland*. He cannot show it was objectively unreasonable for his trial counsel not to request a *Franks* hearing based on the officer's trial testimony, given that we already concluded the testimony did not show a *Franks* violation or entitle Mr. McKinney to a hearing. He likewise has not shown prejudice, because even if his counsel had requested a hearing or renewed the motion to suppress, we previously concluded that suppression was not required. *See id.* at *5.

Thus, although we did not adjudicate Mr. McKinney's ineffective assistance claim on direct appeal, it could only succeed if we were to reconsider the same arguments we rejected on direct appeal. We generally will not reconsider in a § 2255 motion arguments that we resolved on direct appeal. *See United States v. Trent*, 884 F.3d 985, 994–95 (10th Cir. 2018) (applying law-of-the-case doctrine). Because our prior analysis prevents Mr. McKinney from carrying his burden under *Strickland*—and because we see no

5

reason to revisit or change that prior analysis —we conclude the denial of his § 2255 motion was not reasonably debatable.

Mr. McKinney resists this conclusion, arguing it was only because his counsel did not request a *Franks* hearing that he does not have evidence to show the officer acted with reckless disregard for the truth. But again, we already concluded he was not entitled to a *Franks* hearing based on the officer's testimony, even if his counsel had requested one. *See McKinney*, 2023 WL 111044, at *4. And his COA application offers no suggestion of what other evidence might have shown the officer acted with disregard for the truth or "entertained serious doubts" about the affidavits. *Xiang*, 12 F. 4th at 1183.[2]

Last, we also liberally construe Mr. McKinney's COA application as arguing his counsel should have further cross-examined the officer about the alleged inconsistences, given our statement that his direct appeal had "at most . . . demonstrated that [the officer's] testimony should have been clarified." *Id.* at *5. But he has not shown how further "clarification" of the officer's testimony would have created a "reasonable probability that . . . the result of the proceeding would have been different." *Frederick*, 79 F.4th at 1105 (quoting *Strickland*, 466 U.S. at 694). To the contrary, as we previously reasoned, any alleged inconsistencies were "more readily explained by a negligent or innocent error . . . than by a choice to submit an affidavit despite serious doubts about its truthfulness." *McKinney*, 2023 WL 111044, at *4. Mr. McKinney offers no reason to

---

[2] For this reason, we also conclude the district court did not abuse its discretion in resolving Mr. McKinney's § 2255 motion without holding an evidentiary hearing.

revisit that conclusion, and does not show how further questioning of the officer would have been likely to change the outcome of his trial.

B.

Second, Mr. McKinney claims his counsel was deficient because he failed to adequately defend against the 18 U.S.C. § 924(c) charge that Mr. McKinney possessed a firearm in furtherance of a drug trafficking crime. He argues his counsel did not adequately challenge the evidence showing he constructively possessed at least one of the guns found inside the residence. Relatedly, he argues his counsel should have investigated who else lived there, to raise reasonable doubt that the guns belonged to Mr. McKinney rather than to someone else.

Mr. McKinney does not directly challenge the sufficiency of the evidence; nor could he, since he did not do so on direct appeal. *See United States v. Bolden*, 472 F.3d 750, 751–52 (10th Cir. 2006) ("Failure to present an issue on direct appeal bars a defendant from raising it in a § 2255 motion unless he can show cause excusing his procedural default and actual prejudice . . . or . . . a fundamental miscarriage of justice . . . ."). But his ineffective assistance claim is nevertheless premised on the contention that "there was not legally sufficient proof that [Mr. McKinney p]ossessed a firearm in furtherance of a drug trafficking crime," allegedly making his counsel ineffective for failing to show the evidence was insufficient to convict. Aplt. Opening Br. at 26.

The district court rejected this claim on its merits, concluding Mr. McKinney's counsel *had*, in fact, "raised a defense to the § 924(c) charge on the grounds that [Mr. McKinney] did not possess a firearm or did not possess a firearm in furtherance of a

7

drug trafficking crime." R. vol. 1 at 470–471. It observed that his counsel elicited testimony that other relatives also stayed at the residence; cross-examined the officer who obtained the warrants about the lack of direct evidence showing Mr. McKinney possessed the guns; and emphasized in opening and closing arguments that no direct evidence tied the guns to Mr. McKinney. The district court concluded this showed trial counsel's performance had been reasonable, and that Mr. McKinney had not shown prejudice.

We agree that Mr. McKinney has not shown prejudice. His trial counsel *did* argue that no direct evidence established Mr. McKinney's possession of the guns and that the jury should therefore acquit him. It is evident the jury disagreed and found the circumstantial and indirect evidence sufficient to prove Mr. McKinney possessed at least one of the guns. Even if his counsel might have raised different challenges to the sufficiency of the evidence, Mr. McKinney has not shown a likelihood that would have changed the jury's conclusion that the evidence was sufficient to show he possessed a gun in furtherance of drug trafficking and therefore convict him under § 924(c). The district court's denial of his § 2255 motion therefore was not reasonably debatable.

## IV.

For the reasons stated above, we deny a COA and dismiss this matter.

Entered for the Court

Allison H. Eid
Circuit Judge